IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY THOMPSON-EL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1426-RGA |
| CHRIS BASHER, et al., | : |
| Defendants. | : |

Ricky Thompson-El, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 26, 2018
Wilmington, Delaware

*/s/* Richard G. Andrews
ANDREWS, U.S. District Judge:

Plaintiff Ricky Thompson-El appears *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this employment discrimination action on September 13, 2018. (D.I. 1). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff was employed by Defendant Greater Dover Boys and Girls Club. He was hired as a lifeguard effective August 12, 2014, and terminated effective June 17, 2017. (D.I. 1-1). Plaintiff alleges he was discriminated against by reason of age when he was terminated. The claim arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* The Delaware Department of Labor issued a right to sue notice on June 22, 2018. (*Id.*).

Named as defendants are Plaintiff's former employer Greater Dover Boys and Girls Club, and individual defendants Chris Basher, Robin Roberts, and Trish Moses. (D.I. 1 at 1-3). Plaintiff asks for the right to face his accuser. The Complaint does not contain a prayer for relief.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most

1

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a

2

cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and are therefore not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

**Individual Liability.** There is no individual liability under the ADEA. *See Muhammad v. Sills Cummis & Gross P.C.*, 621 F. App'x 96, 98 (3d Cir. 2015) ("As a matter of law, the ADEA does not provide for individual liability."). Accordingly, the Court will dismiss the claims raised against individual Defendants Basher, Roberts, and Moses.

**Prayer for Relief.** The Complaint does not contain a prayer for relief. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief sought," Fed. R. Civ. P. 8(a)(3). *See, e.g., Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *see also Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for

relief compels dismissal). Because the Complaint does not contain a prayer for relief, it will be dismissed without prejudice.

Plaintiff will be given leave to amend to cure his pleading defects.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss individual defendants Chris Basher, Robin Roberts, and Trish Moses; (2) dismiss the complaint as it fails to contain a prayer for relief; and (3) give Plaintiff leave to amend to cure his pleading defects.

An appropriate order will be entered.

4