IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY THOMPSON-EL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1426-RGA |
| GREATER DOVER BOYS AND GIRLS CLUB, | : |
| Defendant. | : |

Ricky Thompson-El, Wilmington, Delaware. Pro Se Plaintiff.

Karine Sarkisian, Esquire, and Marc Stephen Casarino, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

July 27, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Ricky Thompson-El, who appears *pro se* and proceeds *in forma pauperis*, filed this employment discrimination action on September 13, 2018. (D.I. 1). An Amended Complaint was filed on November 28, 2018. (D.I. 8). Before the Court is Defendant's motion to dismiss and Plaintiff's request for default. (D. I. 16, D.I. 22). Briefing is complete.

I.      **BACKGROUND**

Plaintiff was employed by Defendant Greater Dover Boys and Girls Club. He was hired as a lifeguard effective August 12, 2014, and terminated effective June 17, 2017. (D.I. 1-1). Plaintiff alleges discrimination by reason of age. The claims arise under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and the Delaware Discrimination in Employment Act, 19 Del. C. § 711(a)(1). The charge of discrimination, DDOL No. THO072717 and EEOC No. 17C-20147-00702, filed August 23, 2017, states that Defendant asserted Plaintiff had performance issues as a pretext to hide discrimination, that Plaintiff was charged with an incident that had not yet occurred, and that Plaintiff was discharged based upon his age. (D.I. 12). The Delaware Department of Labor issued a right-to-sue notice on June 22, 2018 that states Plaintiff alleges "that he was discriminated against based on his age (61) when he was terminated." (D.I. 1-1). Upon screening pursuant to 28 U.S.C. § 1915(e)(2), the original Complaint was dismissed and Plaintiff was given leave to amend. (D.I. 6, D.I. 7). Plaintiff filed an Amended Complaint on November 28, 2018. (D.I. 8).

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 16). In turn, Plaintiff seeks entry of default. (D.I. 22).

## II. MOTION TO DISMISS

### A. Legal Standards

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.*

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## B. Discussion

Defendant moves for dismissal on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff failed to comply with the mandatory procedural requirements of Title VII[1] and Rule 8's pleading requirements, and the Amended Complaint fails to plead the elements of a prima facie case of age discrimination.[2] (D.I. 16). Plaintiff filed a response to the motion and filed exhibits in opposition, but they do not address the issues raised by Defendant. (D.I. 17, D.I. 19, D.I. 20).

The Court turns to the issue of exhaustion of administrative remedies. Failure to exhaust administrative remedies is an affirmative defense and is grounds for dismissal on a Rule 12(b)(6) motion. *See Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013).

A plaintiff bringing an employment discrimination claim under the ADEA must file a charge of discrimination with the EEOC within 180 days of the allegedly unlawful employment practice, or within 300 days if the charge is filed instead with a state agency. 29 U.S.C. § 626(d)(1). If an employee asserting an employment discrimination claim under Title VII chooses to initiate a formal charge with the EEOC, and the EEOC

---

[1] As discussed, the case arises under the ADEA, not Title VII. The ADEA exhaustion requirements are similar, but not identical, to Title VII.

[2] The Court incorporates Plaintiff's charge of discrimination (D.I. 12) and construes it as part of the Amended Complaint (D.I. 8). Liberally construing Plaintiff's claims, as the Court must, Plaintiff adequately alleges age discrimination claims. The Court will deny that portion of the motion to dismiss on the grounds that Plaintiff has failed to state a claim upon which relief may be granted and/or that he has failed to plead the elements of a prima facie case of age discrimination.

chooses not to file a civil action against the relevant employer, that employee's claim must be filed in federal court "within ninety days after the giving of such notice" by the EEOC. 42 U.S.C. § 2000e–5(f)(1). "Unlike Title VII however, ADEA does not require that a 'right-to-sue' letter be first obtained." *Seredinski v. Clifton Precision Products Co.*, 776 F.2d 56, 63 (3d Cir. 1985). "ADEA plaintiffs need only wait 60 days after filing the EEOC charge." *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 563 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008). "However, in the event that the EEOC issues a right-to-sue letter to an ADEA claimant, the claimant must file h[is] federal suit within 90 days after receipt of the letter." *Id.* (citing 29 U.S.C. § 626(e)).

The charge of discrimination contains case numbers for the DDOL and the EEOC, making it clear that Plaintiff filed a dual charge of discrimination on August 23, 2017. (D.I. 12 ). Plaintiff received a right-to-sue letter from the DDOL and attached it to his original complaint when he commenced this action on September 13, 2018. (D.I. 1-1). However, neither the Complaint (D.I. 1) nor the Amended Complaint (D.I. 8) includes a copy of an EEOC right-to-sue letter. Defendant raised this in its motion to dismiss, albeit in support of a different argument. (D.I. 16 at 3-4). Plaintiff did not respond to this point in either his response or his sur-reply in opposition to Defendant's motion to dismiss.

Plaintiff filed his charge of discrimination on August 23, 2017, and commenced the action in this Court on September 13, 2018. If the EEOC did not issue a right-to-sue letter, the filings indicate that Plaintiff waited at least 60 days before he commenced this action. *See* 29 U.S.C. § 626(d)(1). In the event the EEOC issued a right-to-sue letter,

4

then Plaintiff was required to file his federal lawsuit within 90 days from receipt of the letter. See 29 U.S.C. § 626(e). Whether the EEOC issued a right-to-sue letter is unknown.

Given the uncertain posture of the case, the Court will deny the motion to dismiss without prejudice. Because Plaintiff has not presented the Court with an EEOC right-to-sue letter or even mentioned the EEOC, he will be given time to supplement the record by advising the Court in writing whether he received an EEOC right-to-sue letter and, if he did, to file the EEOC right-to-sue letter with the Court.

### III.     REQUEST FOR DEFAULT

Plaintiff seeks an entry of default on the grounds that more than 21 days have passed and Defendant has not filed an answer to the Amended Complaint. (D.I. 22). When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a).

Defendant timely filed a motion to dismiss the Amended Complaint. (See D.I. 16). Entry of default is not appropriate. Therefore, the request will be denied.

### IV.     CONCLUSION

Based upon the above discussion, the Court will: (1) deny without prejudice Defendant's motion to dismiss (D.I. 16); and (2) deny Plaintiff's request for entry of default (D.I. 22).

An appropriate Order will be entered.