IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICKY THOMPSON-EL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-1426-RGA |
| | : | |
| GREATER DOVER BOYS AND GIRLS CLUB, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of March 2021;

Having considered Plaintiff's motion to vacate and reopen the case (D.I. 27);

IT IS HEREBY ORDERED that the motion (D.I. 27) is **GRANTED** to the extent that the case is **REOPENED**, for the following reasons:

1.      Plaintiff filed this discrimination case on September 13, 2018 under the Age Discrimination in Employment Act, 29 U.S.C. § 621 , *et seq*. ("ADEA") and the Delaware Discrimination in Employment Act, 19 Del. C. § 711 (a)(1 ).   On October 23, 2020, the Court dismissed the case for Plaintiff's failure to comply with court orders and apparent abandonment of the case.   (D.I. 26).   Plaintiff had been ordered to show cause why the case should not be dismissed for failure to prosecute when he did not comply with the Court's July 27, 2020 to supplement the record and advise whether he had received an EEOC right-to-sue letter and when he did not respond to the October 5, 2020 Show Cause Order.   (*See* D.I. 23, 24, 25).

1

2. On November 9, 2020, Plaintiff filed a motion to vacate and reopen the case. (D.I. 27). Plaintiff states that he did not receive the October 5, 2020 Show Cause Order. He also states that he misplaced the EEOC right-to-sue letter and tried for several weeks to obtain a copy of it from the EEOC. Defendant responds that the motion seeks relief under Rule 60(b), and Plaintiff has not met the grounds for relief under the rule. (D.I. 28). Defendant argues that Plaintiff does not contend that he did not receive the July 27, 2020 Order, Plaintiff did not communicate his difficulties in obtaining the right-to-sue letter, there is no indication that Plaintiff's address changed, and the October 23, 2020 Order was not returned as undeliverable.

3. I agree that Plaintiff's motion is actually a request for relief from judgment under Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found*., 865 F.2d 530, 548 (3d Cir. 1988).

4. Plaintiff's reply contains an undated email from the EEOC and a copy of Notice of Right to Sue that indicates the Notice was issued on May 10, 2019, after Plaintiff commenced this case. The "ADEA does not require that a 'right-to-sue' letter be first obtained ." *Seredinski v. Clifton Precision Products Co*., 776 F.2d 56, 63 (3d Cir. 1985). "ADEA plaintiffs need only wait 60 days after filing the EEOC charge." *Holowecki v. Fed. Exp. Corp*., 440 F.3d 558, 563 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008). "However, in the event that the EEOC issues a right-to-sue letter to an ADEA

2

claimant, the claimant must file h[is] federal suit within 90 days after receipt of the letter." *Id*. (citing 29 U.S.C. § 626(e)).

5. On August 23, 2017, Plaintiff dual filed his charge of discrimination, DDOL No. THO072717 and EEOC No. 17C-20147-00702. Upon receipt of the DDOL right to sue letter dated June 22, 2018, Plaintiff commenced this action. The EEOC had not issued its Notice of Right to Sue at that time. The record reflects that Plaintiff properly commenced the action under 29 U.S.C. § 626(d)(1) when he waited at least 60 days after filing the EEOC charge before he filed his Complaint on September 13, 2018. (*See* D.I. 23 at 5).

6. Now, Plaintiff has provided the Court with copy of the EEOC Notice of Right to Sue. It reveals that Plaintiff had not exhausted his administrative remedies when he commenced this action, but also reveals that his administrative remedies were exhausted during the pendency of this action. Because Plaintiff proceeds *pro se,* I will afford him some leniency despite his failure to abide with two of my orders. His motion to vacate and to reopen is his attempt to reinstate proceedings upon a showing that he properly exhausted his remedies.

7. Plaintiff commenced this case upon receipt of the DDOL right to sue letter and more than sixty days after filing his EEOC charge. And, during the pendency of this action, he received the Notice of Right to Sue from the EEOC. It is clear he has exhausted his administrative remedies and it is clear he has a right to sue.

8. Therefore, the Court exercises its discretion and will grant Plaintiff's motion to reopen the case.

      /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE