IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICKY THOMPSON-EL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-1426-RGA |
| | : | |
| GREATER DOVER BOYS AND GIRLS | : | |
| CLUB, | : | |
| | : | |
| Defendant. | : | |

Ricky Thompson-El, Wilmington, Delaware.  Pro Se Plaintiff.

Karine Sarkisian, Esquire, and Marc Stephen Casarino, Esquire, White & Williams, Wilmington, Delaware; Counsel for Defendants.

**MEMORANDUM OPINION**

January 28, 2022
Wilmington, Delaware



**ANDREWS, U.S. District Judge:**

Plaintiff Ricky Thompson-El appears *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this employment discrimination action on September 13, 2018. (D.I. 1). The operative pleading consists of Docket Items 1 and 8. Before the Court are Plaintiff's motion to compel, motion for default judgment, and motion for summary judgment and Defendant's motion to compel or, in the alternative, to dismiss. (D.I. 50, 63, 64, 69).

## MOTION TO COMPEL

Plaintiff filed a motion to compel (D.I. 50) but does not indicate the discovery he seeks to compel nor does he take issue with any of Defendant's responses. Inasmuch as there is no discovery in dispute, the motion will be denied.

## MOTION FOR DEFAULT JUDGMENT

Plaintiff seeks entry of default judgment on the grounds that Defendant failed to file an answering brief by October 29, 2021. (D.I. 64). Defendant opposes. Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a).

Here, Defendant filed a motion to dismiss this matter on October 15, 2021. (D.I. 63). The October 29, 2021 response to which Plaintiff refers is the due date for Plaintiff to file a response to Defendants' motion to dismiss. Entry of default and/or default judgment is not appropriate. Therefore, the motion will be denied.

1

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL**

Defendant moves to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, to compel pursuant to Fed. R. Civ. P. 37(a) on the ground that Plaintiff has failed to provide adequate responses to discovery requests. (D.I. 63). Plaintiff opposes.

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Dismissal "must be a sanction of last, nor first resort." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984);

The Court should assess six factors to determine whether dismissal is warranted. *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The record must support the District Court's findings on the six factors. *Id.*

2

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).  Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.  If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

The record reflects that Defendant served Plaintiff with interrogatories and requests for production of documents on June 9, 2021.  (D.I. 38, 48).  On July 29, 2021, Plaintiff filed blanket objections to the discovery requests on various grounds:

> Tthe documents . . . asked for is irrelevant to the subject-matter . . . I want her [*i.e.*, counsel for Defendant] to send me the same documents that she asked me for . . . I feel very uncomfortable with her asking me for these documents.  She feels and acts like an Outlaw, and I need for her to show me the Rule 26 of FRCP where these documents are applicable . . . . I also need the following documents from her, and she cannot object, because this Rule of Law1 A Public Policy, Administrative Law.  I need for her to provide for me her Registration Statement pursuant to 22 US Code 612.

(D.I. 51 at 2).  On September 13, 2021, Defendant corresponded with Plaintiff and requested complete answers to the discovery requests and enclosed duplicate copies of the discovery requests.  (D.I. 60).  Plaintiff's discovery response, filed September 22, 2021, states that the discovery requests are "tedious" and "unintelligible."  (D.I. 61).  In

turn, Defendant filed the instant motion to dismiss for failure to prosecute, or, in the alternative motion to compel.  (D.I. 63).

I have considered the *Poulis* factors and find that dismissal of Plaintiff's claims is not warranted pursuant to Fed. R. Civ. P. 41(b).  Plaintiff, however, will be ordered to provide complete answers to the discovery request Defendant served upon him pursuant to Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 26, the Parties to this action may obtain discovery regarding:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Pursuant to Rule 37, a party who has received incomplete answers to discovery requests may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1), (4). A party moving to compel discovery bears the initial burden of establishing the relevance of the requested information.  *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).  The burden then shifts to the party resisting disclosure to show that "the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  *First Sealord Sur. v. Durkin & Devries Ins.*

4

*Agency*, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013) (citing *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 193 (M.D. Pa. 2011)).

Based on the submissions of the parties, the Court finds Plaintiff non-compliant with Fed. R. Civ. P. 26. His global objections are not well-taken and there are no specific objections to any particular interrogatory or request to produce documents.[1] Therefore, the motion to compel will be granted. Plaintiff is warned that his failure to completely and adequately respond to the discovery requests could result in sanctions.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges age discrimination resulted in his termination of employment by Defendant. (D.I. 1, 8, 12). He moves for summary judgment on the ground that there are no issues that support Defendant's allegations. (D.I. 69). Defendant opposes.

"Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Drumgo v. Kuschel*, 811 F. App'x 115, 117 (3d Cir. 2020) (citing Fed. R. Civ. P. 56(a)). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment,

---

[1] I reviewed the interrogatories. (D.I. 60-1). While not all of them are as clearly written as they could be, it is clear that many of them are generally relevant to Plaintiff's employment discrimination case and his claim of damages. They may be "tedious," but they are not unintelligible, and it appears that Plaintiff has a Bachelor's Degree (D.I. 72 at 9 of 19) and a "Master of Science in Public Administration" (D.I. 22 at 5; D.I. 72 at 12 of 19) and should therefore be able to answer most or all of them. I also reviewed the requests for documents. (D.I. 60-2). Again, most of them appear to be relevant and not that difficult to understand.

5

a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to show that there is a "genuine issue for trial." *Id.* at 324. To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250.

There is "no genuine issue as to any material fact" if a party" "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

Defendant opposes the motion on the ground that Plaintiff's motion fails to cite to or show any evidence that satisfies the elements of a prima case of age discrimination. In the alternative, it argues that had Plaintiff made a prima case of age discrimination it

6

has provided significant and non-discriminatory evidence that Plaintiff's termination of employment was not motivated by his age.

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015). Disparate treatment claims brought under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "[A]n employee must first establish a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision." *Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005).  If the defendant meets this burden, then the burden shifts back to the plaintiff to present "some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely that not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).  While the burden of production may shift, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the employee. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

For a prima facie case of age discrimination, a plaintiff must establish that: "(1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to

7

permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455

F.3d 225, 247 (3d Cir. 2006) (footnote omitted).   Plaintiff has not established a prima

facie case of age discrimination.   While Plaintiff meets two elements of a prima facie

case (*i.e.*, his age and an adverse employment decision), the record evidence does not

support a finding that Plaintiff was qualified for the position or that his replacement was

sufficiently younger to permit a reasonable inference of age discrimination.   (*See* D.I. 1-

1, 12).   Notably, Plaintiff's motion for summary judgment does not address age

discrimination and does not provide any evidence to support an age discrimination

claim.

Even assuming, arguendo, that Plaintiff did establish a prima facie case of

discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for

terminating Plaintiff's employment.   Plaintiff had a well-documented and longstanding

poor performance history.   (*See* D.I. 71-1 at Ex. B, C, D, E showing evidence that

Plaintiff was dismissed as a lifeguard because he did not have the skill to perform the

position).   Once Defendant proffered a legitimate, nondiscriminatory reason, the burden

shifted to Plaintiff to establish that Defendant's proffered reason was truly pretext for

discrimination based upon his age. Plaintiff's motion and submissions fail to meet this

burden.   (*See* D.I. 72, 73).

Plaintiff produced no evidence that Defendant's proffered reason is subject to

such weaknesses and implausibilities sufficient "to satisfy the factfinder that

[Defendant's] actions could not have been for nondiscriminatory reasons*." Willis v.

UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644-45 (3d Cir. 2015). Nor has he

8

pointed to evidence leading a factfinder to reasonably believe that a discriminatory reason was more likely than not a motivating or determinative factor in his termination. *Id.* at 645.  There is no record evidence that shows that Defendant's reason for terminating Plaintiff's employment was pretext for age discrimination. Therefore, Plaintiff's motion for summary judgment will be denied.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to compel; (2) deny Defendant's motion to dismiss and grant its motion to compel; (3) deny Plaintiff's motion for default judgment; (4) deny Plaintiff's motion for summary judgment; and (5) extend the case dispositive motions deadline (*see* D.I. 68).

An appropriate Order follows.

9