IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICKY THOMPSON-EL,                    )
                                      )
           Plaintiff,                 )
                                      )
                                      )
      v.                              )  C.A. No. 18-1426-RGA
                                      )
GREATER DOVER BOYS AND GIRLS          )
CLUB,                                 )
                                      )
           Defendant.                 )

### MEMORANDUM

Plaintiff Ricky Thompson-El filed this employment discrimination case on
September 13, 2018.   (D.I. 1).   On November 27, 2018, I dismissed the Complaint.
(D.I. 6, 7).   In part, I dismissed individual Defendants Chris Basher, Robin Roberts, and
Trish Moses.   On April 25, 2019, I denied Plaintiff's request to reinstate the dismissed
defendants.   (D.I. 11).   On February 17, 2022, Plaintiff filed a motion for my
recusal/petition to move.   (D.I. 78).   I now decide that motion.

Plaintiff moves for my recusal under 28 U.S.C. § 455.   Pursuant to 28 U.S.C. §
455(a), a judge is required to recuse himself "in any proceeding in which his impartiality
might reasonably be questioned." 28 U.S.C. § 455(a).   The test for recusal under §
455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude
that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*,
368 F.3d 289, 301 (3d Cir. 2004).   The movant does not have to show that the "judge
actually harbors bias against a party." *United States v. Kennedy*, 682 F.3d 244, 258 (3d

Cir. 2012).   Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

It is evident in reading Plaintiff's motion that he takes exception to this Court's dismissal of the three individual defendants.   A reasonable, well-informed observer could not believe that my rulings were based on impartiality, bias, or actual prejudice. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality.   In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

For the above reasons, the Court will deny the motion for recusal/petition to move.   (D.I. 78).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

June 24, 2022
Wilmington, Delaware

2