IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICKY THOMPSON-EL, :
:
      Plaintiff, :
:
v. : Civil Action No. 18-1426-RGA
:
GREATER DOVER BOYS AND GIRLS :
CLUB, :
:
      Defendant. :

Ricky Thompson-El, Wilmington, Delaware. Pro Se Plaintiff.

Karine Sarkisian, Esquire, and Marc Stephen Casarino, Esquire, Kennedys Law, Wilmington, Delaware; Counsel for Defendants.

**MEMORANDUM OPINION**

March 23, 2023
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Ricky Thompson-El appears *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this employment discrimination action on September 13, 2018. (D.I. 1). The operative pleading consists of Docket Items 1 and 8. (D.I. 11). Before the Court is a motion for summary judgment filed by Defendant the Greater Boys and Girls Club of Dover. (D.I. 81). The matter is fully briefed.

## BACKGROUND

Defendant hired Plaintiff to be a lifeguard in August 2014 and terminated him from the position in June 2017. Plaintiff claims that he was terminated on account of his age, 61, in violation of Age Discrimination in Employment Act ("ADEA"). Defendant counters that Plaintiff was terminated based on a well-documented and longstanding poor performance history.

This case has already been through one round of dispositive motions. Defendant previously filed a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, to compel pursuant to Fed. R. Civ. P. 37(a) on the grounds that Plaintiff had failed to provide adequate responses to discovery requests. (D.I. 63). Plaintiff previously filed his own motion for summary judgment. (D.I. 69).

In a Memorandum Opinion and Order issued on January 28, 2022, I denied Plaintiff's motion for summary judgment, denied Defendant's motion to dismiss for failure to prosecute, and granted Defendant's motion to compel. (D.I. 76, 77). In denying Defendant's motion to dismiss, which was predicated on Plaintiff's inadequate responses to discovery requests, I noted that Plaintiff would be ordered to provide

1

complete answers to the discovery request Defendant served upon him pursuant to Fed. R. Civ. P. 37. (D.I. 76 at 5). In granting Defendant's motion to compel, I found that Plaintiff was non-compliant with Fed. R. Civ. P. 26, concluded that his global objections were not well-taken and that he had failed to lodge specific objections to any particular interrogatory or request to produce documents, and warned him that "his failure to completely and adequately respond to the discovery requests could result in sanctions." (*Id.* at 6).

In denying Plaintiff's motion for summary judgment, I explained:

> Plaintiff has not established a prima facie case of age discrimination. While Plaintiff meets two elements of a prima facie case (*i.e.*, his age and an adverse employment decision), the record evidence does not support a finding that Plaintiff was qualified for the position or that his replacement was sufficiently younger to permit a reasonable inference of age discrimination. (*See* D.I. 1-1, 12). Notably, Plaintiff's motion for summary judgment does not address age discrimination or provide any evidence to support an age discrimination claim.

(*Id.* at 9). I further explained:

> Even assuming, arguendo, that Plaintiff did establish a prima facie case of discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. Plaintiff had a well-documented and longstanding poor performance history. (*See* D.I. 71-1 at Ex. B, C, D, E showing evidence that Plaintiff was dismissed as a lifeguard because he did not have the skill to perform the position). Once Defendant proffered a legitimate, nondiscriminatory reason, the burden shifted to Plaintiff to establish that Defendant's proffered reason was truly pretext for discrimination based upon his age. Plaintiff has failed to meet this burden.

(*Id.*).

A new dispositive motion deadline was set, and Defendant subsequently filed its timely motion for summary judgment. (D.I. 81). In support of its argument for summary judgment, Defendant asserts that Plaintiff has failed to provide any additional discovery

2

responses since my January 28, 2022 ruling and, thus, observes that "nothing has changed in the record" since I found both a lack of evidentiary support for two of the necessary elements of an age discrimination claim under the ADEA and that Defendant had presented unrebutted evidence of nondiscriminatory reasons for Plaintiff's termination. (*Id.* at 9 n.1). Defendant also argues that the case should be dismissed based on Plaintiff's failure to comply with my order compelling discovery. (*Id.* at 14-16). Plaintiff filed a response in opposition, and a sur-reply, but he does not cite to record evidence supporting his claim in either filing. (D.I. 83, 85). Defendant's reply reiterates that the record has not changed since my January 28, 2022 ruling. (D.I. 84).

## LEGAL STANDARDS

### 1. Summary Judgment

Rule 56(c) requires the court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). The burden then shifts to the nonmoving party to show that there is a "genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may

3

not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

> Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotations, and alterations omitted).

### 2. Failure to Prosecute

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action should a party fail to obey an order to provide or to permit discovery. *Wallace v. Graphic Mgmt. Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006) (per curiam). Furthermore, pursuant to Rule 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Dismissal "must

4

be a sanction of last, nor first resort." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984).

The Court should assess the following six factors to determine whether dismissal is warranted and abuses its discretion where it fails to properly consider and balance the factors. *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The six factors are: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The record must support the District Court's findings on the six factors. *Poulis*, 747 F.2d at 868.

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal). "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132

5

(citations omitted). If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

## DISCUSSION

There is not much new to say by way of analysis. For a prima facie case of age discrimination under the ADEA, a plaintiff must establish that: "(1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (footnote omitted). At the time of my January 28, 2022 ruling, the record evidence did not support a finding that Plaintiff was qualified for the position or that his replacement was sufficiently younger to permit a reasonable inference of age discrimination. As far as I can tell, the record evidence remains the same. Furthermore, as thoroughly detailed in Defendant's motion for summary judgment and citations to the record (*see* D.I. 82 at 16-19), Plaintiff still has not rebutted the legitimate, nondiscriminatory reason articulated by Defendant for termination of his employment—Plaintiff's well-documented and longstanding poor performance history. *See Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005) (discussing the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) that is utilized for disparate treatment claims brought under the ADEA). Accordingly, I will grant Defendant's motion for summary judgment.[1]

---

[1] Even were I not prepared to grant summary judgment, I would grant Defendant's request to dismiss the case based on Plaintiff's failure to comply with my January 28, 2022 order to compel discovery, which in the context of this case, amounts to a failure

6

## CONCLUSION

For the above reasons, I will grant Defendant's motion for summary judgment. (D.I. 81).

An appropriate Order follows.

---

to prosecute. *See* Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 41(b); *See Wallace v. Graphic Mgmt. Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006) (per curiam); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984).